UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,

    Plaintiff,

v.                                       Case No. 3:21cv1013-LC-HTC

UNITED STATES ATTORNEY'S OFFICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION FOR DISMISSAL

Samuel Roy Abram ("Abram"), an inmate in the Bureau of Prisons, proceeding *pro se*, has filed a non-sensical complaint against the United States Attorney's Office purportedly under the Miller Act, 40 U.S.C. §§ 3131–34. ECF Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF Doc. 2. This matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned recommends the case be DISMISSED because (1) Plaintiff is a three-striker who, despite being informed

numerous times that he is prohibited from proceeding *in forma pauperis*, failed to pay the requisite filing fee and (2) Plaintiff's complaint is frivolous[1].

## I. PLAINTIFF IS A 3-STRIKER

Under Section 1915(g) of the Prison Litigation Reform Act, a prisoner who has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," may not proceed *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A prisoner's complaint warrants dismissal without prejudice if, while barred from proceeding *in forma pauperis*, the prisoner fails to pay the filing fee at the time he or she initiates the lawsuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff has been told by this Court on at least three (3) occasions that he is a three-striker who cannot proceed before this Court without payment of the full filing

---

[1] Although neither Plaintiff's complaint or *in forma pauperis* motion is on this Court's forms, and the motion is further missing several key parts, the Court does not find it necessary to require Plaintiff to cure these deficiencies before recommending dismissal.

Case No. 3:21cv1013-LC-HTC

fee. *See Abram v. Collier,* No. 3:20CV4291-MCR-HTC, 2020 WL 1809668 (N.D. Fla. Apr. 8, 2020) (recognizing Plaintiff as a "three-striker" and dismissing civil complaint titled as "Bill in Equity" pursuant to § 1915(g)); *Abram v. United States*, Case No.: 3:17-cv-723/LAC/EMT, Order, ECF Doc. 4 (N.D. Fla. October 16, 2017) (same)*; Abram v. United States of America*, Case No. 5:16-cv-00458-WTH-PRL, Order, ECF No. 7 (M.D. Fla. Oct. 11, 2016) (same).  Nonetheless, Plaintiff filed the instant complaint without paying the requisite filing fee.

Additionally, the Court takes judicial notice of the following other prior federal civil actions filed by Plaintiff, while incarcerated, that were also dismissed on a ground qualifying as a "strike", under § 1915(g):  *Abram v. United States of America*, Case No. 5:16-cv-00728-WTH-PRL, Order, ECF No. 4 (M.D. Fla. Jan. 9, 2017) (dismissing, as frivolous, civil rights complaint titled as "Bill in Equity" filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Fidelity Investments*, Case No. 3:15-cv-00309-LAC-CJK, Order, ECF No. 23 (N.D. Fla. Apr. 1, 2016) (dismissing, for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Marsh, et al.*, Case No. 3:15-cv-00107-MCR-CJK, Order, ECF No. 6 (N.D. Fla. Apr. 23, 2015) (dismissing, as frivolous and for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Marsh, et al.,* Case No. 3:14-cv-00164-RV-EMT, Order, ECF No. 22 (N.D. Fla. Feb. 2, 2015) (dismissing, for

failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Mnuchin*, 1:18cv2022(UNA), Memorandum Opinion, ECF Doc. 7 (D.C.Dist. Feb. 6, 2019) (dismissing complaint prior to service as frivolous); *Abram v. Melton*, 1:16cv878-DEW-JPM, Judgment Adopting Report and Recommendation, ECF Doc. 15 (W.D.La Sept. 30, 2016) (dismissing FTCA complaint prior to service for failure to state a claim); *Abram v. United States*, 1:18cv415-P, Judgment Adopting Report and Recommendations, ECF Doc. 14 (W.D.La. July 10, 2018) (dismissing case prior to service for failure to state a claim).[2]

As stated above, the only exception to the three-strikes rule is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). To assert imminent serious physical injury, plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). Plaintiff has not made any such allegations in his complaint, nor could he since the basis of Plaintiff's nonsensical complaint is for

---

[2] These cases may be positively identified as having been filed by Plaintiff because the BOP inmate number of the plaintiff in each of those cases is the same as Plaintiff's, BOP Inmate #11398- 002

Case No. 3:21cv1013-LC-HTC

recovery of a bond in a criminal case from 2004. Thus, this exception does not apply.

## II. PLAINTIFF'S COMPLAINT IS FRIVOLOUS

As an additional ground for dismissal, Plaintiff's complaint is frivolous, and an amendment would be futile. Plaintiff's claim, in entirety, is as follows:

> The United States Attorneys Office tendered Miller Act bonds (Bid, performance, payments) in District Court case 3:04-CR0090LCMD1. These bonds also known as contract surety bonds were not tendered with the knowledge of all three parties. These Bonds under the Miller Act are for the Government constructions contracts. The principal obligee and surety must be in contract together under the Miller Act. All three parties were not in agreement therefore the United States Attorneys Office violated the Miller Act. The United States Attorney's Office had a financial interest in these bonds being tendered in the case #3:04CR0090LCMD1. This financial interest should've been conveyed to Samuel Roy Abram whom the United States Attorneys Office forged his signature as an agreeing party to these fraudulent bonds. The jury in criminal case 3:04CR90 had the right to know about these bonds.

ECF Doc. 4. As relief, Plaintiff requests compensatory damages "from a jury for $50,000,0000 (fifty million United States Dollars)." *Id.* He requests this amount "be pulled from the market immediately and liquidated." *Id.* Plaintiff further states that the "wrongs are continuing at this present time because the United States Attorneys Office and this Court at the Northern District of Florida have been aware of this violation of the Miller Act since February 25, 2005." *Id.* at 4-5. Finally, Plaintiff requests a "hearing before trial." *Id.* at 5.

The Miller Act is a law that requires contract surety bonds on federal construction projects. *See F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*,

Case No. 3:21cv1013-LC-HTC

417 U.S. 116, 121–22 (1974) ("[T]he Miller Act establishes the general requirement of a payment bond to protect those who supply labor or materials to a contractor on a federal project."); *United States v. Turner Constr. Co.*, 676 F. App'x 941, 943 (11th Cir. 2017) ("Miller Act payment bonds are procured by general contractors from sureties for the protection of subcontractors and sub-subcontractors.") It has no application to any fact alleged by Plaintiff, which appears to be based on the recovery of a bond or other relief in a 2004 criminal action.

Finally, the United States Attorney's Office is immune from liability. *Handlon v. United States*, No. 217CV273FTM99MRM, 2017 WL 2311759, at *4 (M.D. Fla. May 26, 2017). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact or seeks recovery against defendants who are immune. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Thus, Plaintiff's claims are frivolous and should be dismissed. *See Handlon*, 2017 WL 2311759, at *4 (dismissing as frivolous suit against United States, FBI, and USAO, among other entities).

Accordingly, it is respectfully **RECOMMENDED**:

1. This cause be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(g) and 1915(e)(B)(ii) for failure to pay the filing fee and as frivolous.

Case No. 3:21cv1013-LC-HTC

2.   The clerk be directed to close this file.

DONE AND ORDERED this 14th day of September, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date on this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.